# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 19-10983
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2020

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARMELO FIGUEROA,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:18-CR-74-1

————

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Carmelo Figueroa pleaded guilty to one count of assault of a federal officer resulting in bodily injury, and the district court imposed a within-Guidelines sentence. As part of his plea agreement, Figueroa waived his right to appeal his sentence, with limited exceptions not applicable here. He now challenges the application of two Guidelines enhancements and contends that the appeal waiver is unenforceable because his plea agreement was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supported by consideration and because his trial counsel provided ineffective assistance during the plea bargaining process. Based on those errors concerning his plea agreement, Figueroa also seeks to have his plea agreement and guilty plea vacated. The Government moves to dismiss the appeal pursuant to the appeal waiver.

In the district court, Figueroa did not challenge the validity of the plea agreement or attempt to withdraw his guilty plea on the ground that the plea agreement lacked consideration. Thus, plain-error review applies to his argument here that the plea agreement is invalid due to lack of consideration. *See Puckett v. United States*, 556 U.S. 129, 134–36 (2009); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002). In the plea agreement, the Government agreed to dismiss the other count of Figueroa's indictment and to refrain from bringing any additional charges against Figueroa based on the conduct relating to his guilty plea. Figueroa has not shown any error, much less plain error, regarding the lack of consideration because those concessions constitute consideration supporting the plea agreement. *See United States v. Smallwood*, 920 F.2d 1231, 1239–40 (5th Cir. 1991); *Smith v. Estelle*, 562 F.2d 1006, 1008 (5th Cir. 1977).

In his second argument challenging the enforceability of the appeal waiver, Figueroa contends that his trial counsel provided ineffective assistance during the plea bargaining process because counsel failed to adequately investigate the applicability of the career-offender enhancement under U.S.S.G. § 4B1.1 and to inform Figueroa of the effect that the career-offender enhancement would have on his Guidelines range. Figueroa raises a substantially similar argument regarding the bodily-injury enhancement under § 2A2.4(b)(2). The record is not sufficiently developed to allow for a fair evaluation of this ineffective assistance claim on direct appeal. *See United*

*States v. Montes*, 602 F.3d 381, 387–88 (5th Cir. 2010).  Accordingly, we decline to consider this claim without prejudice to collateral review.  *See id.*

Figueroa has not shown that his plea agreement and appeal waiver are invalid.  We affirm his conviction.  Because his challenges to the Guidelines enhancements are barred by the appeal waiver, we dismiss the appeal in part and grant in part the Government's motion to dismiss the appeal.

AFFIRMED IN PART; APPEAL DISMISSED IN PART; MOTION TO DISMISS GRANTED IN PART.